UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TAMIKA HOLLINS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV2035 CDP |
| | ) | |
| LUXCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Tamika Hollins is a former employee of the defendant, Luxco, Inc. Hollins claims that she was repeatedly discriminated against based on her race and sex, and was eventually unlawfully terminated by the defendant. Her complaint alleges three counts. The first count is a Title VII claim alleging racial and sexual discrimination. The second count arises under 42 U.S.C. § 1981 and alleges racial discrimination, retaliation, and sexual harassment. Count III is a state law claim for intentional infliction of emotional distress. Luxco has moved to dismiss Count III under Fed. R. Civ. P. 12(b)(6), arguing that an emotional distress claim is precluded by Missouri's workers' compensation law. Because I conclude that Missouri's workers' compensation statute bars Hollins from asserting her emotional distress claim in this court, I will grant the defendant's motion to dismiss.

## Legal Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Discussion

Luxco has moved to dismiss Hollins' claim for intentional infliction of emotional distress. Luxco argues that this state law tort claim falls within the exclusive jurisdiction of the Missouri Labor and Industrial Relations Commission. Therefore, argues Luxco, the claim is properly considered as raising a workers' compensation issue, and cannot be maintained in this court.

"Missouri case law . . . holds that mental conditions are compensable under the Workers' Compensation Act." *Russell v. United Parcel Service, Inc.*, 666 F.2d

1188, 1192 (8th Cir. 1981). Missouri courts have repeatedly rejected intentional emotional distress claims in order to "circumvent the at-will employment doctrine by cloaking a wrongful discharge claim as a tort claim." *Littles v. Corporate Express Promotional Marketing*, Case No. 4:01CV1881RWS (E.D. Mo. Apr. 4, 2002); *Patterson v. HDIS*, Case No. 4:00CV1349SNL (E.D. Mo. Jan. 30, 2001) (citing *Kampouris v. The St. Louis Symphony Society*, 52 F. Supp. 2d 1096, 1107 (E.D. Mo. 1999) (citing *Neighbors v. Kirksville College of Osteopathic Medicine*, 694 S.W.2d 822, 824 (Mo. Ct. App. 1985)), *aff'd* 210 F.3d 845 (8th Cir. 2000); *Nichols v. American national Ins. Co.*, 945 F. Supp. 1242, 1248 (E.D. Mo. 1996) (citing *Brown v. Southland Corp.*, 620 F. Supp. 1495, 1497 (E.D. Mo. 1985)); *Neighbors*, 694 S.W. 2d at 824; *see also Keathley v. Ameritech Corp.*, 187 F.3d 915, 926 n.11 (8th Cir. 1999) (citing *Neighbors*, 694 S.W.2d at 824)).

Hollins argues that her emotional distress claim is not subject to the workers compensation exclusivity bar because the claim did not arise in the course of her employment. Rather, Hollins only suffered her emotional distress injury after she was terminated. Hollins contends that the Eighth Circuit's holding in *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051 (8th Cir. 1993) supports her argument. In *Kientzy*, the Eighth Circuit found that the plaintiff's emotional distress injury did not arise out of the course of her employment, but rather that her unemployment caused her distress. *Id*. at 1061.

This argument is defeated by the allegations contained in Hollins' complaint. Count III of the complaint (the count alleging emotional distress) does not claim that Hollins' injury arose solely due to her unlawful termination. Rather, in Count III, Hollins "incorporates each and every allegation and averment" set forth in previous paragraphs of the complaint. Hollins alleges that she was subject to differential discipline, retaliation, sexual harassment, and a hostile work environment. These claims go beyond merely stating that Hollins suffered emotional distress because of her termination. Hollins is claiming that the conditions she experienced at work resulted in the intentional infliction of emotional distress. This is exactly the sort of claim that is precluded by workers' compensation.

Hollins next argues that her claim is not subject to workers' compensation jurisdiction because she is alleging intentional acts on the part of the defendant. This argument is without merit. Missouri case law "emphatically suggests" that the Labor and Industrial Relations Commission has exclusive jurisdiction over "*all* instances where an injured person seeks to hold his or her employer liable under *any* common law tort theory, including intentional torts, for injuries resulting from the work experience." *Massey v. Victor L. Phillips*, Co. 827 F. Supp. 597, 599 (W.D. Mo. 1993) (emphasis added). Regardless of whether the conduct alleged is intentional or accidental, the Commission must first determine whether the

plaintiff's claim comes within workers' compensation jurisdiction before the claim may proceed in this court. This rule of law "governs cases such as the instant one where the acts complained of are in no way accidental." *Id.* (citing *Yount v. Davis*, 846 S.W.2d 780, 782 (Mo. Ct. App. 1993); *Hill v. John Chezik Imports*, 797 S.W.2d 528, 531 (Mo. Ct. App. 1990)).

Because Hollins' state law tort claim for intentional infliction of emotional distress falls within the jurisdiction of the Missouri Labor and Industrial Relations Commission, that count of her complaint will be dismissed. Counts I and II of Hollins' complaint remain pending.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#26] to dismiss Count III of plaintiff's first amended complaint is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2008.